```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:09 CR 99 CAS |
| | ) |
| SHAWN SMEDLEY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM AND ORDER

This action is before the court upon the motion of defendant Shawn Smedley for a modification of his conditions of pretrial release. (Doc. 29.)  A hearing was held on the motion on April 1, 2009.

Defendant Smedley is charged by indictment with receiving child pornography, on October 8, 2009, which had been sent in interstate commerce, in violation of 18 U.S.C. § 2252A(a)(2) (Count 1); and with possessing child pornography on October 8, 2009, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Counts 2-5).

On February 2, 2009, Smedley was released on a secured appearance bond in the amount of $20,000.00 plus conditions of release which included, among others, that defendant: (1) report to and be supervised by the Pretrial Services Agency; (2) restrict travel to the Eastern District of Missouri and Troy, Illinois; (3) avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution; (4) refrain from possessing any firearm, destructive device, or other dangerous weapon; (5) submit to home detention; and (6) submit to electronic monitoring. (Doc. 6 at 2-3.) The Order Setting Conditions of Release described the home detention thus:

> You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer.

(Id. at 3.)

Defendant argues that the conditions of release ordered by the undersigned include those required by 18 U.S.C. § 3142(c)(1)(B), a portion of the Adam Walsh Child Protection Safety Act of 2006 (Adam Walsh Act), 109 P.L. 248 (July 27, 2006). Section 3142(c)(1)(B) provides "[i]n any case that involves a minor victim[1] under section . . . 2252A(a)(2) . . .," the basis for Count 1 of the indictment in this case, "any release order shall contain, at a minimum, a condition of electronic monitoring and each of the conditions" described in 18 U.S.C. § 3142(c)(1)(B), i.e. that defendant shall "(iv) abide by specified restriction on personal associations, place of abode, or travel," "(v) avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense," "(vi) report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency," "(vii) comply with a specified curfew," and "(viii) refrain from possessing a firearm, destructive device, or other dangerous weapon." See 18 U.S.C. § 3142(c)(1)(B).

Defendant argues that the provisions of the Adam Walsh Act that require the imposition of specific conditions of release in cases involving a minor victim and which are prosecuted under 18 U.S.C. § 2252A(a)(2) violate the United State Constitution, specifically the Due Process Clause of the Fifth Amendment, the Excessive Bail Clause of the Eighth Amendment, and the separation of powers doctrine.

These arguments have met with some success in other courts. To date, seven cases have found the mandatory conditions of release of the Adam Walsh Act unconstitutional. United States v. Merritt, No. 4:09 CR 3009, 2009 WL 764554 (D. Neb. Mar. 20, 2009) (statute violates procedural due process under the Fifth Amendment); United States v. Rueb, No. 4:09 CR 3006, 2009 WL 764552 (D. Neb. Mar. 20, 2009) (same); United States v. Arzberger, 592 F. Supp. 2d 590 (S.D.N.Y. 2008) (statute violates procedural due process under the Fifth Amendment, but does not violate, on its face, the Excessive Bail Clause under the Eighth

---

[1] The term "minor" is defined by the Adam Walsh Act as "an individual who has not attained the age of 18 years." 109 P.L. 248, § 111(14). See also 18 U.S.C. § 2256(1).

-2-

Amendment, or violate the separation of powers principle of the Constitution); United States v. Kennedy, 593 F. Supp. 2d 1221 (W.D. Wash. 2008) (statute violates procedural due process under the Fifth Amendment, the Excessive Bail Clause under the Eighth Amendment, and the separation of powers principle of the Constitution), motion to revoke order denied, 593 F. Supp. 2d 1233 (W.D. Wash. 2009); United States v. Torres, 566 F. Supp. 2d 591 (W.D. Tex. 2008) (statute violates procedural due process under the Fifth Amendment and the Excessive Bail Clause under the Eighth Amendment); United States v. Vujnovich, No. 07-20126-01 CM DJW, 2007 WL 4125901 (D. Kan. Nov. 20, 2007) (statute violates procedural due process under the Fifth Amendment, the Excessive Bail Clause under the Eighth Amendment, and the separation of powers principle of the Constitution), review denied, 2008 WL 687203 (D. Kan. March 11, 2008); United States v. Crowell, No. 06-CR-291E(F), 2006 WL 3541736 (W.D.N.Y. Dec. 7, 2006) (same). Only one case has upheld the provisions against a constitutional attack. United States v. Gardner, 523 F. Supp. 2d 1025 (N.D. Cal. 2007) (statute does not violate procedural due process under the Fifth Amendment, the Excessive Bail Clause under the Eighth Amendment, or the separation of powers principle of the Constitution).

Under the constitutional avoidance doctrine, the court should not consider the constitutionality of a statute if the propriety of the subject conditions of release imposed on Smedley can be resolved on another ground. United States v. Nat'l Treasury Employees Union, 513 U.S. 454, 478 (1995); United States v. Allen, 406 F.3d 940, 946 (8th Cir. 2005) (en banc); United States v. Kahn, 524 F. Supp. 2d 1278, 1284 (W.D. Wash. 2007) (avoiding the constitutional arguments because the Adam Walsh Act's provision for mandatory conditions of release did not apply).

In this case, Smedley argues that the mandatory nature of the Adam Walsh Act's provision regarding the imposition of certain conditions of release violates the Constitution. (Doc. 29 at 3) ("The Act violates the United States Constitution and cannot be imposed because it mandates imposition of the above-referenced conditions of release in every case without providing this or any other court the discretion to do

otherwise."). As to the conditions other than home detention with electronic monitoring, defendant's argument is moot, because these conditions of release are necessary to reasonably assure defendant's presence in court and to protect the community, especially children, as required by the Bail Reform Act of 1984, 18 U.S.C. § 3142(c)(1).

First, the condition of release that defendant report to and be supervised by the Pretrial Services Agency is not among those required by the Adam Walsh Act. 18 U.S.C. § 3142(c)(1)(B). This is a condition of release that the court believes is a critical component of its pretrial supervision of almost all released defendants, including defendant Smedley. It enables the court to carefully monitor the defendant's activities before trial or other disposition of his case.

Next, the court imposed the condition that defendant's travel and abode be restricted to this judicial district, with permission granted at the defendant's request for him to travel to Troy, Illinois (outside this district), so that he could care for his mother. While travel restriction is one of the conditions required by the Adam Walsh Act, it is necessary in this case to reasonably assure that defendant will continue to appear in court as required. Defendant has been a Missouri resident for only two years, after residing in Illinois. If convicted, he faces a substantial mandatory minimum sentence of imprisonment and supervised release, which is a strong incentive for flight. He earns a substantial income which could finance flight.

Next, defendant was ordered to avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution. This condition of release was ordered generally to safeguard the process and operation of the court and was not ordered as a condition required by the Adam Walsh Act.

Next, defendant was ordered to refrain from possessing any firearm, destructive device, or other dangerous weapon. This condition is ordered by the court in most cases, most of which do not involve the Adam Walsh Act. This condition is a precaution to safeguard pretrial services officers who will have contact with the defendant in their supervisory activities. Further, this condition is indicated by federal

statutes that make it a crime for someone to sell or dispose of a firearm or ammunition to someone known to be under indictment for a felony offense, 18 U.S.C. § 922(d), or for someone, who is under indictment for a felony to receive a firearm or ammunition that has been shipped in interstate commerce, 18 U.S.C. § 922(m).

Most strenuously, Smedley argues against the imposition of home detention with electronic monitoring. In this respect, the court cannot say that it would have ordered a curfew, which is a component of home detention, with electronic monitoring, without the requirement of the Adam Walsh Act. Therefore, as to these conditions of release, defendant's arguments are not moot.

**Procedural Due Process**

The Due Process Clause of the Fifth Amendment guarantees that "No person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. This guarantee protects individuals against two types of government action. United States v. Salerno, 481 U.S. 739, 747 (1987). Substantive due process prevents the government from engaging in conduct that shocks the conscience or that interferes with "rights implicit in the concept of ordered liberty." Id. Procedural due process insures that any government action that deprives a person of life, liberty, or property is implemented in a fair manner. Id. Procedural due process is the "opportunity to be heard at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 334 (1976).

Due process is not a technical conception, nor a fixed rule, unrelated to time, place, and circumstances. Id. Rather, "[d]ue process is flexible and calls for such procedural protections as the particular situation demands." Id. Three distinct factors speak to the amount of process due in a particular situation: 1) the private interest that will be affected by the official action; 2) the risk of an erroneous deprivation of that interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and 3) the government's interest, including the burdens that any additional or substitute procedural requirements would entail. Id.

at 334-35.

Smedley's liberty pending trial is the private interest at issue, and that interest is significant. See Torres, 566 F. Supp. 2d at 597. "[A]n individual's right to freedom of movement among locations and the right to remain in a public place are fundamental to our sense of personal liberty protected by the Constitution." Id.; see also Salerno, 481 U.S. at 750 ("We do not minimize the importance and fundamental nature of" the individual's right to liberty.).

In addition, the risk that Smedley's liberty has been deprived erroneously, in the sense that one or more imposed conditions of release are not necessary to reasonably assure his appearance in court or to protect the public, is substantial. Arzberger, 592 F. Supp. 2d at 600. Under the Adam Walsh Act, every defendant covered by the statute must submit to electronic monitoring and a curfew, without any further consideration. 18 U.S.C. § 3142(c)(1)(B); Torres, 566 F. Supp. 2d at 598. These conditions of release are mandatory, and the court must impose them without any regard for, or inquiry into, the defendant's individual circumstances. See Merritt, 2009 WL 764554, at *4. "The government need not prove, and the court need not consider, the circumstances of the offense charged, the weight of evidence against the defendant, the defendant's history and characteristics, or whether the defendant poses a risk of flight or harm to the public." Id. More to the point, the Adam Walsh Act does not include any Congressional findings that speak to the efficacy of the curfew requirement for persons charged with child pornography offenses. Arzberger, 592 F. Supp. 2d at 600. Absent any individualized determination, there is simply no way of knowing whether the deprivation of liberty is warranted or wholly erroneous. Torres, 566 F. Supp. 2d at 598.

Additional procedures are available to weigh and protect the government's interests in the defendant's presence in court and in the protection of the community, especially children, and the defendant's interests in liberty pending trial. Id. Consideration of the defendant's individual characteristics and the particular circumstances of his arrest would reduce the risk of an erroneous deprivation at little cost. Arzberger, 592 F. Supp. 2d at 601. Indeed, judicial

proceedings have already been conducted to determine whether the defendant should be detained or released on bail, the amount of bail, and the need for certain pretrial conditions of release. Id. Any additional inquiry into the necessity of a curfew and electronic monitoring would be minimal. Id.

In Salerno, the Supreme Court found that the individualized inquiry available under the Bail Reform Act of 1984 saved the statute from a facial challenge under the Due Process Clause. Salerno, 481 U.S. at 751-52. Under the Bail Reform Act, the defendant was empowered to testify on his own behalf, present evidence, cross-examine witnesses appearing for the detention hearing, and retain counsel. Id. at 751. In addition, the judicial officer was charged with determining the appropriateness of detention by looking to several statutory factors, including the nature and circumstances of the charges, the weight of the evidence, the history and characteristics of the defendant, and the danger to the community. Id. at 751-52. In noted contrast, none of these extensive procedural safeguards accompany the obligation to impose electronic monitoring and a curfew under the Adam Walsh Act. See Torres, 566 F. Supp. 2d at 598. The amendments of the Adam Walsh Act "eviscerate the government's duty to present evidence, the defendant's reasonable opportunity to offer opposing evidence, and the judicial review and determination otherwise required under . . . the Bail Reform Act." Merritt, 2009 WL 764554, at *4.

The government's interest in protecting the safety of children and the community is unquestionably of the highest order. Osborne v. Ohio, 495 U.S. 103, 109 (1990) ("It is evident beyond the need for elaboration that a State's interest in safeguarding the physical and psychological well-being of a minor is compelling."). That said, providing an individualized determination of the need for a curfew and electronic monitoring would not detract from this compelling interest. Arzberger, 592 F. Supp. 2d at 601. After all, the burden of providing greater process is minimal. Torres, 566 F. Supp. 2d at 598. In every criminal case, with the current exception of those that involve the Adam Walsh Act, the government must provide its reasons for seeking certain conditions of release. Id. In every criminal case, the government must

also provide its reasons for seeking pretrial detention. Arzberger, 592 F. Supp. 2d at 601. Asking the government to perform a task it must ordinarily perform is no great burden. See id.

Considering these three factors, the Adam Walsh Act's amendments to the Bail Reform Act of 1984 are unconstitutional on their face. Merritt, 2009 WL 764554, at *4. No defendant charged under these amendments is given the right or opportunity to challenge the required pretrial conditions of release. Id.; Arzberger, 592 F. Supp. 2d at 601. These conditions are mandatory, and foreclose any individualized judicial consideration of the type of factors outlined in Salerno. Merritt, 2009 WL 764554, at *4; Torres, 566 F. Supp. at 599. The procedural due process afforded defendants under the Adam Walsh Act "is not only inadequate, it is non-existent." Merritt, 2009 WL 764554, at *4.

The government looks to Gardner in support of its position. (Doc. 31 at 4.) In Gardner, the court imposed a curfew as part of an individualized determination of the pretrial conditions of release. Gardner, 523 F. Supp. 2d at 1026. Two months after this initial determination, the government moved to impose electronic monitoring, as required by the Adam Walsh Act. Id. at 1027. The court granted the motion, finding that the addition of electronic monitoring was not unconstitutional because the new condition was "incremental" to, and only "slightly more intrusive" than, the conditions already in place. Id. at 1031-32. But even in granting the government's motion, the court was "troubled by [the] automaticity of the Adam Walsh Act in imposing certain release conditions without a judicial determination. . . ." Id. at 1032.

Gardner is unpersuasive for two reasons. First, Gardner is distinguishable on its facts. See Kennedy, 593 F. Supp. 2d at 1228. In this case, the court would not have imposed home detention with electronic monitoring absent the Adam Walsh Act. The imposition of this condition was not merely an incremental restriction on his liberty and on the conditions already in place. Instead, this additional pretrial condition represented a significant new restriction on Smedley's freedom. Second, Gardner did not grapple with the constitutionality of

-8-

the Adam Walsh Act as a whole. Torres, 566 F. Supp. 2d at 599 n.2. Instead, the court only focused on whether the incremental restriction of electronic monitoring, standing alone, implicated the Due Process Clause. Gardner, 523 F. Supp. 2d at 1032. In this case, the focus is on a facial challenge to the Adam Walsh Act's amendments to the Bail Reform Act. For these reasons, Gardner is unpersuasive.

**Excessive Bail and Separation of Powers**

Under procedural due process, the Adam Walsh Act's amendments to the Bail Reform Act of 1984 are unconstitutional on their face. The court does not need to resolve whether the Adam Walsh amendments are also unconstitutional under the Excessive Bail Clause of the Eighth Amendment or the separation of powers principle of the Constitution. See Torres, 566 F. Supp. 2d at 602.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the motion of defendant Shawn Smedley for a modification of his conditions of pretrial release (Doc. 29) is sustained.

**IT IS FURTHER ORDERED** that the Order Setting Conditions of Release (Doc. 6) is hereby amended. The conditions of release imposing home detention with electronic monitoring is removed.

　　　　　　　　　　　　　　　　　　/S/   David D. Noce
　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

Signed on April 22, 2009.